Matter of Hanna (2022 NY Slip Op 02945)

Matter of Hanna

2022 NY Slip Op 02945

Decided on May 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 03, 2022

Before: Manzanet-Daniels, J.P., Gesmer, Moulton, Mendez, Higgitt, JJ. 

Index No. 500150/16 Appeal No. 15873 Case No. 2020-03362 

[*1]In the Matter of Kathleen R. Hanna, an Incapacitated Person, Now Deceased.
Michael Fenton, Petitioner-Appellant,
James R. Hanna et al., Respondents-Respondents.

William R. Mait, PLLC, New York (William R. Mait of counsel), for appellant.
Seward & Kissel LLP, New York (Lori A. Sullivan of counsel), for James R. Hanna, respondent.
Abrams Fensterman, LLP, Lake Success (Robert Abrams of counsel), for Charles Jeffrey Hanna, respondent.

Order, Supreme Court, New York County (Kelly O'Neill-Levy, J.), entered November 20, 2019, which, to the extent appealed from, reduced the guardianship commissions requested by petitioner from $160,840.86 to $60,000 and disapproved his requested payments for extraordinary guardianship commissions and legal services of outside counsel, unanimously affirmed, with costs.
Contrary to petitioner's contention, his constitutional right to due process was not violated by the absence of an evidentiary hearing. Under Mental Hygiene Law § 81.28, the court has discretion to reduce or deny compensation to a guardian, and, therefore, a guardian does not have a "legitimate claim of entitlement" to commissions and fees which implicates the Due Process Clause (see generally Morillo v City of New York, 178 AD2d 7, 12 [1st Dept 1992], appeal dismissed 79 NY2d 1039 [1992] [internal quotation marks omitted]). Further, upon review of the record, we find that the court providently exercised its discretion in reducing petitioner's compensation given the 10-month appointment and the nature of the services rendered (see Matter of Goldstein v Zabel, 146 AD3d 624, 630 [1st Dept 2017], lv denied 29 NY3d 918 [2017]).
Denial of the request for extraordinary guardianship fees was proper since many of the billed services either fell within the scope of the guardianship or, in the case of petitioner's request for extraordinary legal services, were not for the benefit of the estate and necessary to its administration (see Mental Hygiene Law §§ 81.20, 81.21; Matter of Leventhal, 19 AD3d 202, 203 [1st Dept 2005], lv denied 6 NY3d 704 [2006]). Petitioner also admits that he retained outside counsel to handle the allegations of misconduct made against him, and thus the court also properly disapproved these requested legal fees (id.).
We decline to consider petitioner's arguments with respect to the application to remove him as co-guardian of the property. The court denied the application, and thus petitioner is not aggrieved (see CPLR 5511). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 3, 2022